UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN FRANKO, and BIG DADDY, INC., d.b.a. J & A Auto Collision & Sales
    Plaintiffs,

  -vs-

OFFICER SUSAN CHEVALIER, and
CITY OF CHICAGO, a municipal corporation,

    Defendants.

FILED: APR 28, 2008
08CV2588
JUDGE LEINENWEBER
MAGISTRATE JUDGE VALDEZ

JURY DEMANDED

## COMPLAINT

NOW COME the Plaintiffs JOHN FRANKO and BIG DADDY, INC., d.b.a. J & A Auto Collision & Sales, Inc., by their attorneys, Gregory X. Gorman, Robert J. Drummond and Martin M. Stack, and complain against the Defendants OFFICER SUSAN CHEVALIER and CITY OF CHICAGO, a municipal corporation, as follows:

### JURISDICTION AND VENUE

1. This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, as amended ("Section 1983"); 42 U.S.C. Sec. 1985; and 42 U.S.C Section 1988. Plaintiffs also plead supplemental state law claims.

2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

1

3.   This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391 (b), as Defendants are located in this judicial district, the Plaintiffs and Defendant Chevalier reside in this judicial district, and the claims arose in this district.

4.   Plaintiff John Franko was at all times relevant herein, a resident of the United States, the State of Illinois, and is entitled to all the rights, privileges and immunities guaranteed to residents of the United States under the Constitution and Laws of the United States, including the right to be free from arrest, imprisonment, excessive force and search and seizure without probable cause and/or due process.

5.   Defendant Susan Chevalier was at the all times described herein, duly appointed and acting as a police officer employed by Defendant City of Chicago, a municipal corporation which is responsible for the policies, practices, and customs of the Chicago Police Department, and acting under color of state law.

6.   Defendant City of Chicago is a municipal corporation, and is a necessary party to this lawsuit under 745 ILCS 10/9-102.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. At all times material herein, the City of Chicago employed Defendant Susan Chevalier as a Chicago police officer and provided her with official badges and credentials, which designated and described her as a police officer of the Defendant City of Chicago, and provided her with a weapon and a police vehicle.

8. At all times material herein, Defendant Chevalier engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Chicago, a municipal corporation, its police department, and the State of Illinois, and was acting in the course of and scope of her employment.

9. At all times relevant hereto Plaintiff John Franko ("Franko") was the owner of Big Daddy, Inc. ("Big Daddy"), an Illinois corporation, doing business as J & A Auto Collisions & Sales, with its primary place of business in Villa Park, Illinois.

10. Big Daddy is incorporated to engage in all lawful activities but is primarily engaged in the business of towing disabled or wrecked automobiles, rebuilding and restoring damaged vehicles for re-sale and scrapping damaged automobiles for sale.

11. At some time in about March, 2007, Plaintiff Franko, through his business Big Daddy, sold a load of 25 wrecked autos to a business known as "I-80 Auto Wreckers", owned (on information and belief) by an individual named Vito (last

name unknown), in Merrillville, Indiana, for $50,000.

12. On a day in the early part of April, 2007, at around 8:00 or 9:00 a.m., Franko received a telephone from Vito . Vito informed Franko that a Chicago policewoman (Defendant Chevalier) was at his facility in Merrillville, that she falsely and maliciously told Vito that all 25 vehicles Plaintiffs sold to his business by Franko were stolen, that the officer was physically abusing his employees and said she was going to arrest him (Vito) and all of his employees if Vito did not immediately turn over all documents relating to the sale of the 25 vehicles to I-80 Auto Wreckers.

13. Chevalier further advised Vito that Franko had stolen the vehicles and would be going to jail. At this described time Chevalier did not have a search or arrest warrant and, despite her imagined suspicions, had no probable cause to believe either Vito, his employees, or Franko had stolen any of the vehicles or had committed any crime whatsoever.

14. Vito called Franko a number of times during this day in early April, 2007 relating the on going threats and intimidation from Chevalier, the last call being to tell Franko that Chevalier was on her way to the Big Daddy facility in Villa Park regarding the alleged auto thefts.

15. At about 4:00 p.m. on the described day in in early April, 2007, Chevalier appeared at Plaintiffs' Villa Park facility in a Chicago police car. She burst into Plaintiffs' facility in a bullet proof vest with her gun drawn. Pointing the gun to

Franko's head she grabbed him by his pony tail and pushed his head down onto a counter, demanding access to all of his documents relating to the 25 vehicles sold to I-80 Auto Wreckers. During this time Franko reasonably believed he was under arrest and not free to leave.

16. At all times described in the above paragraph Chevalier did not have either a search or arrest warrant, nor probable cause to believe Plaintiff had committed a crime, was in the commission of a crime or that there were exigent circumstance to effect this arrest without first obtaining a warrant.

17. In front of witnesses that were present in Plaintiffs' shop Chevalier yelled that Franko was selling stolen vehicles and that he was "going to fucking jail", while holding her gun to his head.

18. Franko then (falsely) told Chevalier that everything going on was being videotaped. This caused Chevalier, apparently believing she was being videotaped, to immediately release Plaintiff and leave the shop.

19. Several minutes later Chevalier returned, this time with a Villa Park police officer (name unknown at this time). Chevalier demanded immediate turnover of all paperwork regarding the 25 vehicles sold to I-80 Autowreckers, even though she had no warrant and never advised Franko of his rights. The Villa Park police officer also told Plaintiff he had to turn the papers over to Chevalier.

20. Franko advised Chevalier and the Villa Park officer that he did not have the paperwork, it was all at the office of his account in Elmhurst.

21. Chevalier and the Villa Park officer then went to the office of Plaintiff's accountant and demanded the paperwork on the vehicles. The accountant refused to turn the paperwork over without a warrant. The paperwork was not turned over by the accountant and Chevalier never obtained a warrant.

22. On or about April 27, 2007 Chevalier went, with a tow truck, to a lot where Plaintiff had parked a Chevrolet Tahoe. This was a vehicle Plaintiffs had done repair work on. Plaintiff had a lien on the vehicle for the repair work, towing and storage. Without any authority, Chevalier had the Tahoe towed from the lot and returned it to the original owner, who had not (and still has not) paid her bill. Chevalier then told Franko that if he ever went anywhere near that Tahoe again, she would "blow your fucking head off".

23. The conversion of the Tahoe as described above was done with the specific intent of depriving Plaintiff of his property rights and prospective economic expectation.

24. Chevalier then embarked on a campaign of sabotaging Plaintiff's' business and depriving him of revenue, property and prospective economic advantage. This campaign included, but was not limited to pulling over tow trucks operated by Big Daddy for various minor pretexts and confiscating them. During the course of about a month, beginning in about May, 2007, Chevalier personally pulled over, ticketed and confiscated six tow trucks operated by Big Daddy.

25. The campaign of confiscation not only cost Plaintiffs prospective towing

revenue from regular business operation, but also $1,400 to $2,300 per vehicle in towing and storage fees, plus attorney fees to get the vehicles back. All of the vehicles were either owned by Big Daddy or operated by its business with the permission of the owners who allowed Plaintiffs to use their vehicles for its towing operations. Defendant Chevalier knew the ticketed, towed, detained and confiscated vehicles were being operated as a part of Plaintiiffs' business operations and targeted them for that exact reason.

26. Despite the violations of civil rights, the tortuous acts, and the civil rights violations described above, Plaintiffs were never charged with any criminal violations whatsoever (apart from the pretextual violations designed to confiscate Plaintiffs' vehicles and interfere with business and prospective economic profit) for the simple reason that there was never any probable cause to charge Plaintiff(s) with any crime.

27. In addition to the damages described above, I-80 Auto Wreckers has refused to pay Plaintiffs $34,000 balance due on the sale of the 25 vehicles because of its alleged costs and attorneys' fees resulting from Chevalier's scheme to put Plaintiffs out of business or otherwise significantly interfere with their economic opportunities.

28. At no time in April 2007, or any date prior or subsequent thereto, was there probable cause to arrest Plaintiff Franko, to subject him to search and seizure without a warrant or probable cause to believe he was actively engaged

in a crime or that there were exigent circumstances to carry out an arrest, search and seizure of his person or property or the vehicles and operators of vehicles owned or operated by Plaintiffs as described above.

29. Defendant Chevalier conduct toward Plaintiffs was outrageous, malicious, willful and wanton, and conducted with a design to oppress and injure the Plaintiff and deprive him of his constitutional rights and expectation of economic advantage. No reasonable police officer would have believed the conduct described was lawful or constitutional.

30. The Defendants, and each of them, have a duty to uphold the U.S. Constitution, the laws of the United States and the laws and Constitution of the State of Illinois.

31. As a result of the actions of the Defendants, Plaintiffs incurred damages including but not limited to monetary damages, consequential damages, bodily injury, pain, suffering, and personal harm, damage to reputation, mental distress, anguish, humiliation and loss of liberty and property.

## COUNT I

**EXCESSIVE FORCE AND AGGRAVATED BATTERY CLAIM UNDER SECTION 1983 AGAINST DEFENDANT CHEVALIER**

31. Paragraphs 1-31 are realleged the same as though fully pleaded herein.

32. The acts of Defendant Chevalier acting within the scope of her

employment with the City of Chicago, in forcefully battering, grabbing, shoving, holding a gun to his head, and detaining Plaintiff Franko as described hereinbefore in a manner as to cause him severe and intense pain, fear and anxiety, and otherwise using excessive and unjustifiable force against him caused an unpermitted contact of a harmful and/or offensive nature, and the imminent fear of further bodily harm and trauma, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, papers and effects against unreasonable searches and seizures and 42 U.S.C. Sec. 1983.

33. Defendants Chevalier's conduct toward Franko constituted a wilful violation of 42 U. S. C. Sec. 1983.

34. As a proximate result of the actions alleged herein, Plaintiff has suffered damages and irreparable injury.

## COUNT II

### FALSE ARREST IN VIOLATION OF SECTION 1983
### AGAINST DEFENDANT CHEVALIER

1-34. Paragraphs 1 through 34 are realleged the same as though fully pleaded herein.

35. Defendant Chevalier arrested Plaintiff Franko falsely, wrongfully, and without probable cause.

36. Defendant deprived Franko of his liberty without due process of law, in

violation of his Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure, and 42 U.S.C. Sec. 1983.

37. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

38. As a proximate result of the actions alleged herein, Plaintiffs has suffered damages and irreparable injury.

## COUNT III
### WRONGFUL DETENTION AND IMPRISONMENT IN VIOLATION OF SECTION 1983 AGAINST DEFENDANTS CHEVALIER

1-38. Paragraphs 1 through 38 are realleged the same as though fully pleaded herein.

39. Defendant Chevalier detained and imprisoned Plaintiff Franko falsely, wrongfully, and without reasonable suspicion or probable cause.

40. Chevalier deprived Plaintiff of his liberty without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. Sec.1983.

41. Defendant Chevalier's ' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

42. As a proximate result of the actions alleged herein, Plaintiff Franko has suffered damages and irreparable injury.

## COUNT IV

**WRONGFUL TAKING OF DEFENDANTS' PROPERTY IN VIOLATION**

## OF SECTION 1983

1-42    Paragraphs 1-42 are realleged the same as though fully pleaded herein.

43.    Defendant Chevalier took Plaintiffs' property while acting under color of state law depriving Plaintiffs' of their property rights without due process of law in violation of the Fourteenth amendment and 42 U.S.C. Sec. 1983 .

44.    The actions of Defendant Chevalier, acting in the scope of her employment with the City of Chicago, intentionally and maliciously deprived Plaintiffs of their property, business and reasonable prospective economic interests without due process of law.

45.    Defendant Chevalier acted willfully, maliciously, and in wanton disregard for Plaintiff's' rights.

46.    As a result of the practices alleged herein, Plaintiffs have suffered damages and irreparable injury.

## COUNT V

### FALSE ARREST UNDER STATE LAW
### AGAINST DEFENDANT CHEVALIER

1-46.    Paragraphs 1-46 are realleged the same as though fully pleaded herein.

47.    Defendant Chevalier caused the arrest and detention of the Plaintiff Franko falsely, wrongfully, and without reasonable grounds or probable cause to believe that he had violated any law.

48. As a proximate result of the willful and wanton actions alleged herein, Plaintiff has suffered damages and irreparable injury.

## COUNT VI

### FALSE IMPRISONMENT UNDER STATE LAW
### AGAINST DEFENDANT CHEVALIER

1-48   Paragraphs 1-48 are realleged the same as though fully pleaded herein.

49.   Defendant Chevalier caused the detention of and imprisoned Plaintiff Franko falsely, wrongfully, and without reasonable grounds or probable cause to believe that he had violated any law.

50.  As a proximate result of the willful and wanton actions alleged herein, the Plaintiff has suffered damages and irreparable injury.

## COUNT VII

### CONVERSION
### AGAINST DEFENDANT CHEVALIER UNDER STATE LAW

1-50.   Paragraphs 1-45 are realleged the same as though fully pleaded herein.

51.    Defendant Chevalier's actions in seizing Plaintiffs' property and the property it used in connection with its business operations without due process and constituted conversion under the laws of the State of Illinois

52.  As a proximate cause of the wilful and wanton actions alleged herein Plaintiffs have suffered damages and irreparable *i*njury.

## COUNT VIII

### FALSE LIGHT AND SLANDER AGAINST DEFENDANT CHEVALIER

1-52.   Paragraphs 1-52  are realleged the same as though fully pleaded herein.

 53.  During the course of her actions as described above Defendant Chevalier repeatedly stated and otherwise published to third parties the false allegation that Franko had stolen the vehicles transferred to "Vito" and was  otherwise a "thief" and was "going to prison" for his actions.

 54.  Chevalier's slanders and putting of Plaintiff Franko in a false light was done intentionally , maliciously and with the sole intent of embarrassing and humiliating him.

 55.  Defendant Chevalier's actions as described above cast Plaintiff Frank in a false light and slandered him causing him shame and irreparable damage.

### COUNT IX
### 745 ILCS § 10/9-1021 CLAIM
### AGAINST DEFENDANT CITY OF CHICAGO

1-55. Paragraphs 1-55 are realleged as though fully pleaded herein

56.     Defendant City of Chicago was the employer of Defendants Chevalier

57.     Defendant Chevalier committed the acts alleged above and below in the scope of her  employment with the  Defendant City of Chicago.

92.     Plaintiff, pursuant to 745 ILCS § 10/9-102, demands judgment against the Defendant City of Chicago in the amount equal to the amount awarded to them against the individual Defendant Chevalier as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendant, and for whatever additional relief this court deems equitable and just.

WHEREFORE, Plaintiff prays for the following relief:

a. Trial by jury on the issues raised in his Complaint;

b.  That a declaratory judgment be issued that Plaintiffs' rights have been violated as alleged above and that the practices complained of herein are unlawful and violative of the Constitutional and statutory rights of Plaintiffs as cited;

 c. That the Court permanently enjoin Defendants, their agents, successors, officers and employees and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

d.  That Plaintiff have and recover from the Defendants pre and post judgment interest, compensatory, consequential and punitive damages for emotional pain, suffering, inconvenience, embarrassment, humiliation, injury to reputation, willful and wanton conduct with the intent to cause personal harm, and other

non-pecuniary losses and for any other damages to which Plaintiff may be entitled to under federal and / or state law;

e.  That Plaintiff be awarded the costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award  Act of 1976, 42 USC Section 1988 and any other attorney fee statutes; and

f.  Such other relief as the Court deems just and proper.

_____
One of the Attorney for Plaintiff

GREGORY X. GORMAN
220 South Halsted Street
Suite 200
Chicago, IL  60661
(312) 332-4240